UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| STEVEN TOROK, | ) | |
| | ) | |
| Plaintiff(s), | ) | Case No. 2:14-cv-0440-JAD-NJK |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| ALBERTSON'S, LLC, | ) | |
| | ) | |
| Defendant(s). | ) | |

Pending before the Court is the order for Plaintiff to show cause why he should not be sanctioned up to and including dismissal of his claims, pursuant to Federal Rule of Civil Procedure, Rule 16(f) and Local Rule IA 4-1. Docket No. 26. The order to show cause was issued on July 30, 2014, and the response was due no later than August 8, 2014. *See id.* No such response was filed. For the reasons discussed more fully below, the undersigned hereby **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED** without prejudice.

**I. BACKGROUND**

On June 25, 2014, the Court scheduled a hearing on Plaintiff's counsel's motion to withdraw as attorney of record for July 29, 2014. *See* Docket No. 19. The order stated in relevant part that: "Plaintiff Steven Torok and his withdrawing counsel are required to attend the hearing. **There will be no exception to that requirement**." *Id.* (emphasis in original). Pursuant to the Court's order, Plaintiff's counsel served Plaintiff with a copy of that order. *See* Docket No. 20.

On July 29, 2014, the Court called the matter for the hearing as scheduled. *See* Docket No. 24. In violation of the Court's order discussed above (Docket No. 19), Plaintiff failed to appear at that hearing. *See* Docket No. 24. As a result, the Court ordered Plaintiff to show cause why he should not be sanctioned, up to and including case-dispositive sanctions, for violating the Court's order. *See* Docket No. 26. Plaintiff's response to that order to show cause was required no later than August 8, 2014. *See id.* In violation of that order, Plaintiff failed to file a response.

In addition to the above, at the hearing held on July 29, 2014, the Court ordered, *inter alia*, that Plaintiff must file either a notice of retention of new counsel or a notice of his intent to proceed *pro se*. *See* Docket No. 24; *see also* Docket No. 25 (proof of service). Plaintiff was required to file such notice no later than August 28, 2014. *See* Docket No. 24. In violation of that order, Plaintiff failed to file either notice.

## II.   ANALYSIS

As discussed in the previous section, Plaintiff has (1) disobeyed the Court's order that he appear at the hearing scheduled for July 29, 2014 (Docket No. 19); (2) disobeyed the Court's order to show cause by not responding (Docket No. 26); and (3) disobeyed the Court's order to file either a notice of retention of new counsel or of his intent to proceed *pro se* by not filing either notice (Docket No. 24).

The willful failure of Plaintiff to comply with the Court's orders is an abusive litigation practice that has interfered with the Court's ability to hear this case, delayed litigation, disrupted the Court's timely management of its docket, wasted judicial resources, and threatened the integrity of the Court's orders and the orderly administration of justice. Sanctions less drastic than dismissal are unavailable because Plaintiff has wilfully refused to comply with multiple court orders despite the warning that dismissal may result. *See* Docket No. 26.

Accordingly, **IT IS RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** without prejudice.

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S.

1111 (1986). This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: September 3, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge